STATE OF OKLAHOMA  
CLEVELAND COUNTY } S.S.  
FILED  
AUG 08 2016  
In The Office of the  
Court Clerk RHONDA HALL

IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

KOY M. FLOYD, and GLENNA KAY FLOYD )
)
)
          Plaintiffs, )
vs. ) Case No. CJ 2016-913-TB
)
LIBERTY MUTUAL FIRE INSURANCE )
COMPANY, D/B/A LIBERTY MUTUAL )
 INSURANCE AND/OR LIBERTY MUTUAL )
GROUP, )
          Defendant. )

## PETITION

1. Plaintiffs are individuals who reside in Cleveland County, Oklahoma.

2. Upon information and belief, the Defendant, Liberty Mutual Fire Insurance Company, is a foreign insurance corporation incorporated and domiciled in the State of Massachusetts with its principal place of business located in Massachusetts and is licensed to and regularly does conduct insurance business in the State of Oklahoma and specifically on the risk involved herein.

3. Upon information and belief, the Defendant is a member of an unincorporated association of companies doing business together as Liberty Mutual, Liberty Mutual Insurance and/or Liberty Mutual Group (hereafter Liberty Mutual).

4. Plaintiffs were insureds of Liberty Mutual through a certain policy of insurance issued to them by Defendant and covering Plaintiffs' residence in Cleveland County.

5. In 2015 Plaintiffs' home suffered hail and wind damage insured under the Defendant's insurance policy.

6. Plaintiffs notified Liberty Mutual of the insured occurrence making a claim under their homeowner's policy requesting Liberty Mutual to investigate, evaluate and pay the claim.



EXHIBIT 2

7. Plaintiffs' home is in a zero lot line neighborhood known as Brookhaven Square in Norman, Oklahoma. .

8. Other homeowners in the same neighborhood have also suffered similar roof damage, some of which were also insured by one of the companies within the unincorporated association of Liberty Mutual.

9. Upon information and belief Liberty Mutual has made a practice of unfairly denying and delaying the claims of insureds in Plaintiffs' neighborhood and/or asserting that the damage was within the deductible under the policy. Some insureds would then not continue with a valid claim.

10. Only after requiring other insureds the expenses of suit being filed against it or requiring insureds to threaten suit after hiring counsel, would Liberty Mutual then pay its insured's claim in its entirety as a routine business practice.

11. Defendant also unreasonably and in breach of its contract with Plaintiffs made unfair and unreasonable investigation and evaluation that the damage to Plaintiffs roof was less than their deductible, and therefore, unreasonably and in bad faith paid nothing under the contract in further of its unfair business practice.

12. Defendant has breached its contractual duties to Plaintiffs and the duty to deal fairly and in good faith with its insureds as part of its business practice in handling claims such as Plaintiffs', including but not limited to;

    a. failing to promptly, properly, reasonably and fairly investigate, evaluate and fully pay Plaintiffs' claim;

    b. failing to offer settlement within a reasonable time after a reasonable investigation and evaluation should have been made totaling Plaintiffs' roof;

    c.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim;

    d.    in failing to make an unbiased investigation and evaluation and to fairly consider evidence contrary to Liberty Mutual's interests and in favor of its insureds;

    e.    unfairly and unreasonably looking for ways to deny, delay or reduce Plaintiff's claim instead of fairly and reasonably investigating, evaluating and paying Plaintiffs' claim.

13. As a consequence of Liberty Mutual's acts and conduct, the Plaintiffs have been damaged and have suffered loss of coverage benefits as well as consequential damages.

14. The acts of Liberty Mutual are oppressive, intentional, malicious, willful, wanton, and with utter and reckless disregard for its duty to deal fairly and act in good faith with the Plaintiffs, its insureds, entitling Plaintiffs to punitive damages so as to punish Defendant and make an example of it to other insurance companies.

WHEREFORE, premises considered, Plaintiffs prays for judgment against Defendant in an amount in excess of $75,000.00, interest, costs, attorney's fees and such other and further relief as the Court deems just, reasonable and proper.

NAIFEH & ASSOCIATES
A Professional Corporation

By: _____
CLIFTON D. NAIFEH - OBA #6568
870 Copperfield Drive, Suite B
Norman, Oklahoma 73072
405/292-2244
405/292-2288 FAX

ATTORNEY FOR PLAINTIFF'S

ATTORNEY LIEN CLAIMED.
JURY TRIAL DEMANDED.

_____
CLIFTON D. NAIFEH