IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KOY M. FLOYD, and <br> GLENNA KAY FLOYD, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | No. CIV-16-1102-C |
| LIBERTY MUTUAL FIRE INSURANCE <br> COMPANY, d/b/a LIBERTY MUTUAL <br> INSURANCE AND/OR LIBERTY <br> MUTUAL GROUP, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant insured Plaintiffs' home at the time Plaintiffs allege it was damaged by hail. Defendant sent adjustors and a roofing inspector to examine the home and found that any damage to the home caused by the storm was below the amount of the deductible on the insurance policy and therefore denied the claim. Plaintiffs filed this action asserting that Defendant's actions were in bad faith. During the course of discovery, Defendant served on Plaintiffs a request to inspect the property. According to Defendant, the inspection is needed for preparation of an expert report in defense of the litigation. Plaintiffs object, arguing that Defendant has previously inspected the roof twice; that any damage that occurred happened more than two years ago; and that because the nature of their claim is bad faith, the validity of Defendant's actions is made based on information available to Defendant at the time it made the decision on the claim.

Defendant's request is governed in part by Fed. R. Civ. P. 26(b)(1) which provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Thus, the question is not whether or not the evidence that Defendant seeks to obtain will ultimately be admissible at trial, but rather whether it has some relevance to a claim at issue and the means for obtaining it are proportional to the needs of the case.

Here, after consideration of the arguments offered by the parties, the Court finds Defendant's request meets both elements. Defendant argues the requested discovery is relevant to its defense and that any burden on Plaintiffs is minimal. Plaintiffs are correct that the determination of whether or not Defendant acted in bad faith will be made based on the information available to Defendant at the time it denied the claim. But the ultimate admissibility of the expert opinion will not be determined at this stage, but rather when it is proffered at trial. Because Defendant has demonstrated that the proposed inspection is for the purpose of obtaining relevant evidence, the inspection will be permitted.

For the reasons set forth herein, Defendant's Motion to Compel Inspection of the Plaintiffs' Premises (Dkt. No. 18) is GRANTED.

IT IS SO ORDERED this 2nd day of November, 2017.

ROBIN J. CAUTHRON
United States District Judge