# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KOY M. FLOYD, and | ) |
| GLENNA KAY FLOYD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. CIV-16-1102-C |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| COMPANY, d/b/a LIBERTY MUTUAL | ) |
| INSURANCE AND/OR LIBERTY | ) |
| MUTUAL GROUP, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs filed the present case raising a single claim for relief – a bad faith claim. Therein, Plaintiffs argue that Defendant failed to act in good faith in resolving a claim on their homeowners' policy. According to Plaintiffs, after their roof was damaged by a storm, Defendant failed to properly investigate and/or evaluate the claim. During the course of discovery, the parties reached an impasse over certain of Plaintiffs' discovery requests. Plaintiffs have filed a Motion to Compel seeking assistance from the Court in obtaining responses to that discovery. After consideration of the arguments raised by the parties, the Court finds Plaintiffs' Motion is well-founded and should be granted, with limited exceptions.

At least one portion of the difficulty relates to the parties' inability to agree to an appropriate protective order to be entered in this case. Because much of the documentation sought by Plaintiffs is subject to confidentiality concerns, a reasonable

protective order is appropriate. Therefore, the Court directs the parties to meet and confer within ten days of the date of this Order and seek agreement on a protective order. In the event the parties are unable to agree, Defendant shall submit a proposed protective order and supporting motion. Plaintiff shall reply to that Motion within ten days thereafter. Any reply by Defendant shall be filed five days later. In the event briefing is submitted to the Court, sanctions will be issued as appropriate.

Turning to the substance of Plaintiffs' discovery requests, Plaintiffs' request for the claims procedure training documents and manuals, however named or maintained, is granted. Defendant shall submit responsive documents within ten days of the entry of the protective order. Plaintiffs' Interrogatory No. 3 seeks identification of the entity whose direct employees perform day-to-day services of claims for homeowners' coverage issued by Safeco for the five years prior to filing this suit, while Interrogatory No. 4 identifies certain employees and asks by which entity they were directly paid and employed in the five years prior. Defendant objects, arguing that the circumstances of this case are very narrow, as the issue is the amount of damage to Plaintiffs' roof, and thus Plaintiffs' request seeks irrelevant material. Defendant's position misstates the nature of Plaintiffs' claim. Plaintiffs have raised a claim for bad faith, arguing that the handling of their claim by Defendant failed to meet the appropriate standard. Accordingly, the scope of discovery for Plaintiffs is considerably broader than it would be if the sole claim were the extent of damage to their roof. Thus, Plaintiffs' request made in Interrogatory Nos. 3 and 4 seek information that is relevant to the claims herein and Defendant shall provide responses

within ten days of the date of this Order. The same holds true for Plaintiffs' Request for Admission Nos. 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 17. Each of those requests seek information relevant to Defendant's handling of claims similar to Plaintiffs' or the organizational structure of Defendant. Each of those areas is relevant in a bad faith claim and Defendant shall provide responses within ten days of the date of this Order. Defendant shall also provide documents responsive to Request for Production Nos. 16 and 17 within ten days of the date of this Order.

Request for Production No. 18 seeks any written agreement between Ladder Now and Defendant. It appears that Ladder Now was an outside entity hired by Defendant to evaluate the claim. Agreements between Defendant and Ladder Now are relevant to show whether or not there was some bias or motivation of Ladder Now in its evaluation. Therefore, Defendant shall produce responsive documents within ten days of the date of this Order. Request for Production Nos. 19, 20, and 21 seek documents related to other roof claims made by homeowners within a 2-mile radius of Plaintiffs' property for the last five years. These requests also seek relevant information as to Defendant's methods for handling similar claims and can provide some admissible evidence on the issue of Plaintiffs' claims for bad faith. Plaintiffs have appropriately limited the requests in terms of temporal and geographic limitations. Request for Production No. 5 seeks advertisements, whether written, audio, or video, published in any media of whatsoever nature, within a 100-mile geographic radius. As Plaintiffs note, the manner in which Defendant markets itself is relevant to the expectations of its insureds, which may lead to

admissible evidence in a bad faith claim. However, Defendant notes a potential burdensome issue in the fact that, as written, Plaintiffs' request could theoretically seek information related to some individual agent making a comment to someone far beyond the scope of an internal or corporate policy. Therefore, Defendant shall produce documents responsive to Plaintiffs' request, but only to the extent those advertisements were generated by or on behalf of Defendant and not any individual agent.

Request for Production No. 19 seeks incentive agreements between claims personnel involved herein at all levels of the Liberty Mutual organization. Defendant objects that the request is confidential and proprietary and lacks relevance. Certainly whether or not there is some incentive for employees to minimize the value of claims would be relevant in a bad faith case. While it is unlikely that any agreement would so state, nonetheless some bias may be shown through these agreements. Accordingly, once an appropriate protective order is in place, Defendant shall produce responsive documents within ten days of entry of that order or the agreement between the parties.

Request for Production No. 22 seeks the personnel file of each of Defendant's personnel or agents who have been involved with claims decisions on Plaintiffs' claim, limited to training bonuses, financial and employment incentives, goals, reviews, disciplinary actions, commendations, training testing or scores. Defendant objects that this is confidential and lacks relevance. Plaintiffs have limited the request to specified portions of the files and, as limited, the release of any confidential information should be

minimal. Accordingly, Defendant shall produce responsive documents following entry of a protective order or agreement by the parties, again within ten days.

Request for Production No. 15 seeks information related to Plaintiffs' membership in the Liberty Mutual Holding Company, Inc. This documentation has been produced during prior jurisdictional discovery. To the extent Plaintiffs believe additional information is necessary, they must submit a refined request or motion to the Court.

For the reasons set forth more fully herein, Plaintiffs' Motion to Compel Defendant to Produce Certain Documents and Properly Answer Certain Interrogatories and Requests for Admissions (Dkt. No. 27) is granted in part.

IT IS SO ORDERED this 9th day of August, 2018.

ROBIN J. CAUTHRON
United States District Judge